

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DAVID PURNELL,                      :

     Petitioner,            :    Case No. 3:02CV7065

  vs.                                :    JUDGE POTTER

KHELLEH KONTEH, WARDEN,     :

     Respondent.            :

---

## RESPONDENT KONTEH'S RETURN OF WRIT

---

## I.    GENERAL DENIAL AND CUSTODY

Petitioner David Purnell, #264-835 (hereinafter "Purnell"), is a state prisoner at the Toledo Correctional Institution in Toledo, Ohio where Respondent Khelleh Konteh, (hereinafter "Respondent") is the Warden. Purnell has brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. Section 2254.

Respondent denies each of the allegations made by Purnell except those expressly admitted herein.

## II. PROCEDURAL HISTORY

### 1. State Action – Trial

Purnell was indicted by the May 1992 Term of the Lucas County Grand Jury on two counts for the crime of rape in violation of Ohio Revised Code §2907.02(A)(1) and one count for the crime of kidnapping in violation of Ohio Revised Code §2905.01(A). (Exhibit A). Upon arraignment, Purnell entered a plea of not guilty. Purnell then filed a motion for appointment of expert witness (Exhibit B). Since, as reflected by the transcript and docket sheet, the trial court did not formally rule on this Purnell motion, under Ohio law it is deemed to be denied. *Kane v. Ford Fotor Co.*, 17 Ohio App.3d 111, 112 (1984); *Solon v. Solon Baptist Temple*, 8 Ohio App.3d 347 (1982).

The cause then came on for a trial by jury. The jury returned a verdict of guilty as charged. On October 28, 1992, the trial court sentenced Purnell to life imprisonment for each of the rape counts to be consecutively served to a ten (10) to twenty-five (25) year term of incarceration on the kidnapping conviction. (Exhibit C, Case No. CR92-6502).

### 2. Direct Appeal

Purnell filed a notice of appeal in the Court of Appeals for the Sixth Appellate District, but thereafter repeatedly failed to timely file necessary pleadings with respect to the appeal. Ultimately, on March 15, 1995, the Court of Appeals dismissed Purnell's appeal for failure to file any assignments of error. (Exhibit D, Case No. L-92-392). Purnell did not to appeal the Court of Appeals' decision to the Ohio Supreme Court.

### 3. *Application for Reopening*

On May 13, 1997, Purnell filed an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B) with the Sixth District Court of Appeals, wherein he claimed his appellate counsel was ineffective for failing to perfect his direct appeal. (Exhibit E). On June 16, 1997, the Court of Appeals dismissed Purnell's application as untimely. (Exhibit F, Case No. L-92-392).

Purnell timely appealed to the Ohio Supreme Court and filed a memorandum in support of jurisdiction. (Exhibit G). The State filed a memorandum in opposition. (Exhibit H). On October 1, 1997, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Exhibit I, Case No. 97-1607).

### 4. *First Federal Habeas Corpus*

Purnell then came before this Court upon the filing of an application for writ of habeas corpus on September 24, 1998, and raised the following claim:

1. Denial of effective assistance of appellate counsel.

(Exhibit J). Determining that Purnell was entitled to a reinstatement of his direct appeal, on October 22, 1999, this Court issued an order that conditionally granted Purnell's petition. (Exhibit K, Case No. 3:98CV7567).

### 5. *Reinstatement of Direct Appeal*

On October 28, 1999, Purnell filed a motion to reinstate his direct appeal in the Court of Appeals for the Sixth Appellate District (Exhibit L), which was granted on December 2, 1999. (Exhibit M). Purnell then filed a brief that raised the following assignments of error:

3

1. The trial court abused its discretion and did not follow the law in its determination that Jamie Cleveland was a competent witness, thereby permitting her to testify at trial.

2. The jury's finding of fact and verdict of guilty with regard to the charges of rape and kidnapping are against the manifest weight and sufficiency of the evidence and are therefore contrary to law.

3. The appellant was denied effective assistance of counsel when his trial attorney failed to engage the use of expert witnesses and failed to procure testimony and evidence that would have assisted appellant in demonstrating his innocence.

(Exhibit N). The State filed a brief in response. (Exhibit O). On September 15, 2000, the Court of Appeals affirmed Purnell's conviction. (Exhibit P, Case No. L-92-392).

Purnell timely appealed the Court of Appeals' decision to the Ohio Supreme Court and raised the following propositions of law:

1. When the State's case rests upon a five-year-old's identification of the defendant months after the crime occurred, the trial court must determine the child's ability to recollect accurate impressions of facts, the child's understanding of truth and the child's appreciation of her responsibility to be truthful.

2. When a child's initial description of an assailant leads her caretaker to suspect someone other than the accused and the child does not identify the accused until months after the event, then the accused is denied the effective assistance of counsel when trial counsel fails to vigorously pursue a request for an expert on eyewitness identification.

3. Defendant-Appellant's conviction is not supported by proof beyond a reasonable doubt.

(Exhibit Q). The State filed a memorandum in opposition. (Exhibit R). On January 24, 2001, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

(Exhibit S, Case No. 00-1949).

### 6. *Second Application for Reopening*

On December 14, 2000, Purnell filed an application for reopening pursuant to App.R. 26(B) with the Sixth District Court of Appeals and raised a claim of ineffective assistance of appellate counsel for counsel's failure to raise on appeal the trial court's denial of the appointment of an expert to determine the reliability of eyewitness identification. (Exhibit T). The State filed a memorandum in opposition. (Exhibit U). On January 9, 2001, the Court of Appeals denied Purnell's application to reopen. (Exhibit V, Case No. L-92-392).

Purnell timely appealed to the Ohio Supreme Court and raised the following propositions of law:

1. A trial court's refusal to grant the defendant's request for an eyewitness identification expert denied the defendant due process of law when the only evidence linking the defendant to the crime is a five-year-old child's identification of the defendant almost three months after the crime.

2. Appellate counsel's failure to raise a meritorious issue, where it is reasonably probable that the issue would have made a difference in the outcome on appeal, constitutes ineffective assistance of counsel and deprives the defendant of his rights under the Sixth Amendment and the due process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution.

(Exhibit W). The State filed a memorandum in opposition. (Exhibit X). On April 11, 2001, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Exhibit Y, Case No. 01-403).

### 7. *Present Federal Habeas Corpus*

Purnell is now before this Court upon the filing of an application for writ of habeas corpus pursuant to 28 U.S.C. Section 2254, in which he raises the

following claims:

1. Petitioner was denied due process of law by the state court's refusal to appoint an expert.

2. Petitioner was denied the effective assistance of appellate counsel.

3. Petitioner was not convicted upon proof beyond a reasonable doubt.

Purnell's petition must be dismissed for reasons to follow.

## III.     **AEDPA - STANDARD OF REVIEW**

### 1.     *Introduction*

On April 24, 1996 President Clinton signed Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, codified as amended at 28 U.S.C. §2244 (d)) (hereinafter AEDPA) into law.   AEDPA made significant changes in habeas law including a one-year statute of limitations, restrictions on issues that can be appealed, vastly heightened respect for state court factual and legal determinations, and restrictions on the ability to file successive petitions and timetables for federal courts to act on capital habeas actions when certain prerequisites have been met.

### 2.     *Claims Adjudicated on the Merits in State Court*

Under 28 U.S.C. Section 2254(d):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Terry Williams v. Taylor*, 120 S.Ct. 1495 (2000) the United States Supreme Court provided guidance on the meaning of the habeas standard of review. Specifically the Court held that a writ may not issue unless:

the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

The Sixth Circuit Court of Appeals has similarly recognized that under AEDPA standards a federal habeas petitioner is required to show that the state courts:

either failed to apply clearly established federal law to [petitioner's] claims, issued a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings", or denied [petitioner's] claims even though the facts of [petitioner's] case were "materially indistinguishable" from a case in which the Supreme Court granted relief.

*Sanders v. Freeman*, 221 F.3d 846 (6th Cir.), *cert. denied,* 121 S. Ct. 571 (2000); *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000), *cert. denied,* 121 S. Ct. 1415 (2001); *Machacek v. Hofbauer*, 213 F.3d 947 (6th 2000), *cert. denied*, 121 S. Ct. 808 (2001); *Seymour v. Walker*, 224 F.3d 542 (6th 2000), *cert. denied,* 121 S. Ct. 1643 (2001).

7

### 3. Evidentiary Hearing

Under 28 U.S.C. Section 2254:

(e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows --

    (A) the claim relies on --

> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (II) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

In *Michael Williams v. Taylor*, 120 S.Ct. 1479 (2000), the United States Supreme Court addressed Section 2254(e)(2). The Court held that AEDPA prohibited a federal district court from holding an evidentiary hearing to consider factual issues to situations unless it could be established that the claim relied upon either a new retroactive rule of constitutional law or a factual basis that could not have been discovered by due diligence, **and** that the facts underlying the claim could establish by clear and convincing evidence that but for the error, no reasonable factfinder would have found the petitioner guilty. *Williams* at 1489.

The *Williams* Court also noted that Section 2254(e)(2) eliminated the freestanding "miscarriage of justice" exception contained in *Keeney v. Tamayo-*

*Reyes*, 504 U.S. 1, 12 (1992). As the Court stated, "To be sure, in requiring that prisoners who have not been diligent satisfy Section 2254(e)(2)'s provisions rather than show cause and prejudice, and in eliminating a freestanding 'miscarriage of justice' exception, Congress raised the bar *Keeney* imposed on prisoners who were not diligent in state-court proceedings." *Williams* at 1489.

### 4.    *Statute of Limitations*

The ADEPA one-year statute of limitation set forth in 28 U.S.C. §2244 states, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

The United States Supreme Court has held that direct review is generally viewed as including the ninety-day period for seeking *certiorari*. *Penry v. Lynaugh*, 492 U.S. 302, 314 (1989). Thus, cases will become final on direct review for purposes of §2244(d)(1)(A) when *certiorari* is denied or time to file a *certiorari* petition expires. *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998).

Here, Purnell's conviction became final ninety (90) days subsequent to the Ohio Supreme Court's January 24, 2001 dismissal of his appeal, or April 24, 2001. The instant petition was filed on February 4, 2002. Without waiving any defense with respect to the AEDPA statute of limitations, the instant petition appears to be timely filed.

9

## IV.   **MERITS**

### 1.   *Purnell has waived the right to bring his first ground for relief in federal habeas corpus.*

It is well established that a federal habeas corpus petitioner is procedurally barred from presenting claims not fairly presented to the state courts, unless he can demonstrate cause to excuse his failure to present the claims in the state courts and actual prejudice resulting from the failure. *See, Coleman v. Thompson*, 501 U.S. 722, 723 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 89-90 (1977). The failure to fairly present issues on direct appeal to the Ohio Supreme Court bars habeas consideration of the claim absent a showing of cause and prejudice. *Leroy v. Marshall*, 757 F.2d 94, 97-99 (6th Cir. 1983) *cert. denied*, 474 U.S. 831 (1985).

In the Sixth Circuit, procedural default is generally analyzed under the four-part test articulated in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The test asks: (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the procedural sanction; (3) whether the state procedural bar is an adequate and independent state ground on which the state can foreclose federal review; and (4) whether the petitioner can demonstrate cause for, and actual prejudice resulting from, the procedural default.

In extreme cases, a federal habeas court may hear a defaulted constitutional claim where cause and prejudice cannot be shown if the petitioner shows that his conviction is the result of a fundamental miscarriage of justice. A

10

fundamental miscarriage of justice is the conviction of one who is "actually innocent." *See Coleman v. Thompson, supra* at 750; *Murray, supra* at 496.

**As his first ground for relief Purnell raises a claim that even Purnell candidly admits he failed to present to the Ohio courts[1].** As a consequence of Purnell's failure to include his first ground for relief on direct appeal, the first factor of the *Maupin* test has been fully satisfied. The second *Maupin* criteria has also been met as the Ohio courts were denied even the opportunity to consider the application or non-application of procedural sanction.

The third *Maupin* criteria has been met as the procedural rule of waiver is an adequate and independent state ground to bar habeas claims. The state procedural rule serves the State's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. *See, Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

Fourth, since Purnell failed to present his first ground for relief to the Ohio courts, he is now required to demonstrate both cause and prejudice. To date, Purnell has not even attempted to establish cause or prejudice for his procedural default[2]. The *Maupin* criteria has been entirely satisfied.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary habeas corpus case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . .

---

[1] As his second ground for relief Purnell concedes, "appellate counsel failed to raise the due process error described in ground one".

[2] As discussed below Purnell's meritless ineffective assistance of appellate counsel claim cannot excuse Purnell's procedural default.

. . ." *Murray*, 477 U.S. at 496. Here, Purnell is **not** an innocent man, indeed as discussed below Purnell's sufficiency of the evidence claim is entirely lacking in merit. Purnell has waived the right to pursue his first ground for relief in federal habeas corpus.

### 2. *Purnell was not deprived of the effective assistance of appellate counsel.*

As his second ground for relief Purnell contends that he was deprived of the effective assistance of appellate counsel on direct appeal. Purnell specifically claims that appellate counsel was constitutionally required to attack the trial court's discretionary decision to deny Purnell's motion for the appointment of an eyewitness identification expert.

It is, of course, undisputed that the due process clause of the Fourteenth Amendment guarantees the effective assistance of counsel on first appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). "A first appeal as a right is therefore not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." *Evitts* at 396. It is equally axiomatic, however, that appellate counsel is not constitutionally required to pursue every claim that potentially has merit. Counsel must instead provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court promulgated the standards by which Sixth Amendment claims are to be adjudged. In *Strickland*, *supra*, the Court held that "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot

be relied on as having produced a just result." *Id.* at 686. Thus a habeas corpus claim of ineffective assistance of counsel must clearly establish the following:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. Additionally, in *United States v. Cronic*, 446 U.S. 648, 656 (1984), the Court held that:

> The right to effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted - even if defense counsel may have made demonstrable errors - the kind of testing envisioned by the Sixth Amendment has occurred.

The Sixth Circuit Court of Appeals has applied *Strickland* and *Cronic* to reject habeas corpus claims regarding strategic defense counsel decisions. In *Meeks v. Bergen*, 749 F.2d 322 (6th Cir. 1984), said court held:

> In *Strickland, supra*, the Supreme Court stated that where there is more than one possible defense, and counsel conducts a substantial investigation into the possible defenses, the strategic choice made as a result of the investigation is "virtually unchallengeable," the Court noted additionally that, even should counsel fail to conduct a substantial investigation into each of several plausible lines of defense, the representation might nonetheless be effective.

*Meeks* at 328. *See also, Huls v. Lockhart,* 958 F.2d 212, 216 (8th Cir. 1992); *Chandler v. Jones,* 813 F.2d 773 (6th Cir. 1987); *Krist v. Foltz,* 804 F.2d 944 (6th Cir. 1986).

Based on the foregoing, the actions of appellate counsel can hardly be characterized as constitutionally deficient. On direct appeal, counsel raised what he reasonably believed to be Purnell's three strongest claims. Purnell now apparently feels that appellate counsel was constitutionally required to emphasize the esoteric argument that the trial court's discretionary denial of Purnell's motion for an eyewitness identification expert constituted constitutional error. This approach flies in the face of sound advice from the United States Supreme Court:

> One of the first tests of a discriminating advocate is to select the question, or questions, that he will present orally. Legal contentions, like the currency, depreciate through over-issue. The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one. . . . [E]xperience on the bench convinces me that multiplying assignments of error will dilute and weaken a good case and will not save a bad one". Jackson, Advocacy Before the United States Supreme Court, 25 Temple LQ 115, 119 (1951).

*Jones v. Barnes,* 463 U.S. 745, 752 (1983). The hallmark of an effective appellate advocate is the ability to winnow out weak claims to avoid the burial of good ones:

> Most cases present only one, two, or three significant questions. . . . Usually, . . . if you cannot win on a few major points, the others are not likely to help, and to attempt to deal with a great many in the limited number of pages allowed for briefs will mean that none may receive adequate attention. The effect of adding weak

arguments will be to dilute the force of the stronger ones." R. Stern, Appellate Practice in the United States 266 (1981).

*Id.* The Court emphasized the point:

> A brief that raises every colorable issue runs the risk of burying good arguments -- those that, in the words of the great advocate John W. Davis, 'go for the jugular,' Davis, The Argument of an Appeal, 26 A.B.A.J. 895, 897 (1940) -- in a verbal mound made up of strong and weak contentions. See generally, e.g., Godbold, Twenty Pages and Twenty Minutes -- Effective Advocacy on Appeal, 30 Sw.L.J. 801 (1976).

*Id.* at 752-753.

In light of such sage advice, it was certainly sound appellate strategy to present Purnell's best appellate arguments uncluttered by lesser claims. Here, as reasonably determined by the Court of Appeals at Exhibit V, p. 2-3:

> In regard to claims of ineffective assistance of appellate counsel, it has been held that it is within counsel's prerogative to decide strategy and tactics by choosing the most promising arguments out of all those possible. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes* (1983), 463 U.S. 745, 751-752.

> In the present matter, appellate counsel chose to emphasize trial counsel's failure to obtain an expert to aid the trial court's determination of the competency of the young witness rather than the court's denial of the eyewitness' reliability expert, which appellant now claims he should have been provided. See *State v. Purnell* (Sept. 15, 2000), Lucas App. No. L-92-392, unreported. Such choices are within the inherent tactical judgment of appellate counsel. Accordingly, the decision of which appellant complains was within the range of reasonable conduct and, therefore, falls outside the type of conduct predicate to a reopening of an appeal.

The Court of Appeals' legal reasoning is in full accord with clearly established federal law, and its factual findings are consistent with the evidence presented. Although ultimately unsuccessful, the strategic decision of appellate

counsel to focus his appeal more on trial counsel's failure to provide an expert relative to the child-witness' competency, than the need of an eyewitness identification expert, was sound. This is particular true here where the record is does not explain what evidence the eyewitness identification expert would have offered, or support a finding that an eyewitness identification expert was even needed. Under these circumstances the effect of the absence of an eyewitness identification expert is purely speculative.

As thus demonstrated, the ultimate failure of Purnell's direct appeal was the consequence of his guilt rather than the strategy employed by appellate counsel. Purnell's second ground for relief is not actionable in federal habeas corpus.

### 3. *Viewed in a light most favorable to the prosecution, any rational trier of fact could have Purnell guilty beyond a reasonable doubt.*

As his third ground for relief, Purnell attacks the sufficiency of the evidence upon which his convictions are based by denigrating State's case and interpreting the evidence in a light most favorable to Purnell. However, in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)(emphasis added), the United States Supreme Court stated that a federal tribunal on habeas corpus reviewing the sufficiency of the evidence must make the following inquiry:

> Whether, **after viewing the evidence in light most favorable to the prosecution**, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

In *Jackson* the Court further made it clear that this test does not require that the federal habeas corpus court sit as a trier of fact. Instead, the federal district court

should give every weight to the jury's ability to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basis facts to ultimate facts.

In its rejection of Purnell's direct appeal, the Ohio Court of Appeals rendered the binding factual determinations at Exhibit P, pp. 2-3:

> On April 11, 1991, an intruder entered the Toledo home of five-year old Jamie C. and took her from her bed while her mother and her mother's boyfriend lay sleeping in adjacent rooms. The abductor took the girl to a nearby abandoned house where he penetrated her anally and orally. The man then returned Jamie to her home some time after 4:00 a.m.
>
> Upon her return home, Jamie woke her mother and told her of these events. The mother accompanied Jamie to the abandoned house and found evidence consistent with Jamie's report. The mother did not, however, notify the police, possibly because the she was involved in drug activity at her house. Two days later, an anonymous call reported the incident to the Lucas County Children Services Bureau ("CSB"). After conducting an investigation, a CSB caseworker removed Jamie from her home.
>
> Upon being interviewed by CSB, Jamie told of being taken from her bed and being twice raped by a stranger, a large black man with a big belly and beer breath. A medical examination of Jamie revealed injuries consistent with anal intercourse. In a police interview approximately two months later, Jamie reiterated her story. Police told Jamie that if she again saw the man that raped her she should tell an adult.
>
> On July 2, 1992, while Jamie was in a car with her grandfather, she saw appellant, David Purnell, on a Toledo street and identified him to her grandfather as the man who had abducted and raped her. Police arrested appellant, charging him with kidnapping and two counts of rape.

As reflected by the above, the Court of Appeals did not unreasonably apply clearly established federal law when it rejected Purnell's sufficiency of the evidence claims. Purnell's sufficiency of the evidence allegations constitute nothing more than a disagreement with the jury's credibility determinations. As

such, the minimum standards of *Jackson* have been met and exceeded. The rejection of Purnell's sufficiency of the evidence claim was not contrary to United States Supreme Court precedent nor based on an unreasonable determination of the facts in light of the evidence presented. *See also, Walker v. Russell,* 57 F.3d 472 (6th Cir.) *cert. denied,* 516 U.S. 975 (1995); *Neal v. Morris,* 972 F.2d 675 (6th Cir. 1992). Purnell's third ground for relief is void of merit.

## VIII.   **CONCLUSION**

Based upon the aforementioned reasons stated within this Return, Purnell's petition for writ of habeas corpus must be dismissed because his claims are procedurally defaulted or void of merit. No certificate of appealability should issue. The docket sheets from Purnell's state court proceedings are attached as Exhibit Z. The transcripts will be provided under separate cover upon receipt.

Respectfully submitted,

BETTY D. MONTGOMERY
Attorney General

STUART A. COLE (0020237)
Assistant Attorney General
Corrections Litigation Section
140 East Town Street, 14th Fl.
Columbus, Ohio 43215-6001
(614) 644-7233
(614) 728-9327 (Fax)
scole@ag.state.oh.us

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of Respondent Konteh's Return of Writ was sent to Counsel for Petitioner, Theresa G. Haire, Assistant Public Defender, Office of the Ohio Public Defender, 8 East Long Street, 11th Floor, Columbus, Ohio 43215, via regular U.S. mail on this /8th of March, 2002.

STUART A. COLE
Assistant Attorney General

# INDEX

**ITEM**                                                                                    **EXHIBIT**

Indictment
    Lucas County Common Pleas Court
    Case No. CR-92-6502 ............................................................................ A

Motion for Appointment of Expert Witness
    Lucas County Common Pleas Court
    Case No. CR-92-6502 ............................................................................ B

Judgment Entry of Sentence
    Lucas County Common Pleas Court
    Case No. CR-92-6502 ............................................................................ C

Decision and Judgment Entry
    Court of Appeals, Sixth Appellate District
    Case No. L-92-392 ............................................................................... D

Application for Reopening
    Court of Appeals, Sixth Appellate District
    Case No. L-92-392 ................................................................................ E

Decision and Judgment Entry
    Court of Appeals, Sixth Appellate District
    Case No. L-92-392 ................................................................................ F

Memorandum in Support of Jurisdiction
    Ohio Supreme Court
    Case No. 97-1607 ................................................................................. G

Memorandum in Opposition to Jurisdiction
    Ohio Supreme Court
    Case No. 97-1607 ................................................................................. H

Entry
    Ohio Supreme Court
    Case No. 97-1607 ................................................................................. I

Petition for Writ of Habeas Corpus
    United States District Court
    Case No. 3:98CV7567 ........................................................................... J

## INDEX - Cont.

**ITEM**                                                                 **EXHIBIT**

Judgment Entry
    United States District Court
    Case No. 3:98CV7567 .................................................................................. K

Motion to Reinstate Purnell's Direct Appeal
    Court of Appeals, Sixth Appellate District
    Case No. L-92-392 ...................................................................................... L

Decision and Judgment Entry
    Court of Appeals, Sixth Appellate District
    Case No. L-92-392 ..................................................................................... M

Brief of Purnell
    Court of Appeals, Sixth Appellate District
    Case No. L-92-392 ...................................................................................... N

Brief of State of Ohio
    Court of Appeals, Sixth Appellate District
    Case No. L-92-392 ...................................................................................... O

Opinion and Judgment Entry
    Court of Appeals, Sixth Appellate District
    Case No. L-92-392 ...................................................................................... P

Memorandum in Support of Jurisdiction
    Ohio Supreme Court
    Case No. 00-1949...................................................................................... Q

Brief of State of Ohio
    Ohio Supreme Court
    Case No. 00-1949...................................................................................... R

Entry
    Ohio Supreme Court
    Case No. 00-1949....................................................................................... S

Application for Reopening
    Court of Appeals, Sixth Appellate District
    Case No. L-92-392 ...................................................................................... T

## INDEX - Cont.

**ITEM**                                                    **EXHIBIT**

Memorandum in Opposition to Application for Reopening
    Court of Appeals, Sixth Appellate District
        Case No. L-92-392 ...................................................................................... U

Decision and Judgment Entry
    Court of Appeals, Sixth Appellate District
        Case No. L-92-392 ...................................................................................... V

Memorandum in Support of Jurisdiction
    Ohio Supreme Court
        Case No. 01-403.......................................................................................... W

Memorandum in Opposition to Jurisdiction
    Ohio Supreme Court
        Case No. 01-403.......................................................................................... X

Entry
    Ohio Supreme Court
        Case No. 01-403........................................................................................... Y

Docket Sheets ...................................................................................................... Z